06-1891ghmJacobsDismSL.wpd

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**


MICHAEL JACOBS,               §

§

        Petitioner,           §

§         CIVIL ACTION NO. H-06-1891

v.                        §

§

NATHANIEL QUARTERMAN,     §

§

        Respondent.       §


## <u>MEMORANDUM OPINION AND ORDER ON DISMISSAL</u>

State inmate Michael Jacobs, proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1997 state court felony conviction. After considering the pleadings and the applicable law, the Court concludes that the petition must be dismissed as time-barred.

## I. <u>PROCEDURAL HISTORY</u>

According to the instant petition, the Texas Court of Criminal Appeals refused discretionary review of petitioner's direct appeal on October 27, 1999. Petitioner took no further action on his case until he filed a state habeas application on January 20, 2004. Petitioner filed this federal habeas petition on May 30, 2006, raising various challenges to his 1997 conviction. The pending habeas petition shows on its face that it is subject to dismissal as barred by limitations.

## II.  DISCUSSION

### A.      The One-Year Statute of Limitations

The pending petition is governed by provisions of the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA).  Under AEDPA, habeas corpus petitions are subject

to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).  Although the statute of limitations is an affirmative defense,

district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer

if it "plainly appears from the face of the petition and any exhibits annexed to it that the

petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

In this case, petitioner's conviction became final for purposes of the one-year limitation at the conclusion of direct review or the expiration of the time for seeking such review.  Petitioner's petition for discretionary review was refused on October 27, 1999, and his conviction became final ninety days thereafter, on or about January 27, 2000.  *See* SUP. CT. R. 13; *see also Roberts v. Cockrell,* 319 F.3d 690, 694-95 (5th Cir. 2003).  Petitioner then had one year, or until on or about January 27, 2001, to file his federal petition.  Because petitioner did not file this petition until May 30, 2006, the petition is untimely unless an exception applies.

**B.    Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending shall not be counted toward the limitations period.  *Artuz v. Bennett*, 531 U.S. 4 (2000).  Petitioner, however, did not file his state habeas petition until January 20, 2004, after the one-year limitations period expired on or about January 27, 2001.  His state application did not toll the federal limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  In the absence of any equitable tolling considerations, this petition is time-barred.

**C.    Equitable Tolling**

Equitable tolling applies principally where one party is actively misled by the other party or is prevented in some extraordinary way from asserting his rights.  *Coleman v.*

*Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).  This Court ordered petitioner to show cause why this petition should not be dismissed as barred by limitations.  In his response (Docket Entry No. 4), petitioner asserts that not until 2002 did he learn that his state appeals had been denied in 1999.  Petitioner does not state *when* in 2002 he became aware of this, and he submits no supporting documentation.  He does, however, state that he never received the information sent by his appellate counsel because he was transferred to another unit in June of 1999.  Petitioner does not allege or show that he kept either the state courts or his attorney aware of his current address.  Moreover, although petitioner states he knew in 2002 that his appeals were denied, he did not "finish" his state habeas application until November, 2003 or file it until January, 2004.  (Docket Entry No. 4.)

To warrant equitable tolling, a petitioner must show extraordinary circumstances beyond his control that made it impossible to file his petition on time.  A petitioner's diligence in pursuing relief is an important factor in assessing his entitlement to equitable tolling.  *Coleman*, 184 F.3d at 403.  Petitioner fails to show diligence in pursuing his legal remedies, and fails to show extraordinary circumstances entitling him to equitable tolling.  Further, and contrary to petitioner's argument, a claim of actual innocence, without more, does not constitute rare and exceptional circumstances equitably tolling limitations.  *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

Petitioner's pleadings do not reveal any viable grounds for application of any statutory or equitable tolling provisions for the AEDPA limitations bar, and his petition is untimely.

### III.  CONCLUSION

Petitioner's petition for habeas relief is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.  A certificate of appealability is **DENIED**.  Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 27th day of June, 2006.

_____
Gray H. Miller
United States District Judge